# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NICHOLAS ALAHVERDIAN,

    Plaintiff,

    -vs-

STATE OF OHIO, et al.,

    Defendants.

:

:

:

Case No. 3:13-cv-113

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON MOTION FOR TEMPORARY RESTRAINING ORDER

This case is before the Court on Plaintiff's Emergency *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction and/or Stay of Execution (Doc. No. 5). The requested relief is an order restraining The Honorable Carl Henderson, Judge of the Dayton Municipal Court, and probation officers of that court "from keeping Plaintiff in their custody, that Plaintiff be released from the custody of Defendant Dayton Municipal Court et al.; and that Plaintiff be removed from the Ohio Sex Offender Registry." *Id.* at PageID 169-170.

The relevant facts alleged by Plaintiff are that he was convicted by Judge Henderson in March 2008 of two sex-related misdemeanor offenses. According to the instant Motion, "[o]n November 26, 2012, Defendant Henderson re-sentenced Mr. Alahverdian to be in the custody of Dayton Probation and to register as a sex offender." *Id.* at PageID 171. Pursuant to that sentence, probation officers of the Dayton Municipal Court told Plaintiff that he would not be permitted to leave Ohio to attend a settlement conference in *Alahverdian v. Rhode Island Dept. of Children, Youth and Families*, Case No. 1:11-cv-075, on the docket of the United States

1

District Court for the District of Rhode Island, initially set for April 18, 2013, and now re-set to May 20, 2013. *Id.* at PageID 172. On April 17, 2013, Plaintiff's counsel in the criminal case, Eric Allen, filed a "Motion for Stay of Execution with the Dayton Municipal Court pending the filing of a *habeas* action in both federal court and the Ohio Supreme Court." *Id.* at PageID 173. However, Judge Henderson denied that Motion on April 24, 2013. *Id.*

Plaintiff brought the instant action against Judge Henderson and twenty-eight others seeking in part relief from the referenced conviction under 42 U.S.C. § 1983.[1] The relief sought by Plaintiff in the instant motion for temporary restraining order is not available in a § 1983 action. Rather, relief from custody in a state criminal case must be by way of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Plaintiff's counsel in the criminal case, Eric Allen, is an experienced criminal defense and habeas corpus attorney and appears to have recognized this limitation in his request for stay to Judge Henderson.

Because the Court cannot in a § 1983 action grant the relief sought – release from custody in a state criminal case – the Emergency *Ex Parte* Application should be DENIED.

April 28, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

---

[1] The Complaint contains forty purported causes of action under a number of different theories. The viability of the Complaint under 28 U.S.C. § 1915(e)(2) awaits further analysis and perhaps amendment, as the Magistrate Judge has suggested to Plaintiff. However, for present purposes, § 1983 plainly forms at least part of the basis of Plaintiff's claims against the Dayton Municipal Court and its officers.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).